IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CAROLYN SNIDER<br>27700 S 620 Rd<br>Grove, Oklahoma 74344<br><br>and<br><br>JOHN FUNK<br>27700 S 620 Rd<br>Grove, Oklahoma 74344<br><br>*Plaintiffs*<br><br>v.<br><br>RAMBLIN' PINES, INC.<br>801 Hoods Mill Road<br>Woodbine, Maryland 21797<br><u>Serve on</u>:<br>Laura A Barwick<br>218 Fulford Avenue<br>Bel Air, Maryland 21014<br><br>and<br><br>LEATHERWOOD FAMILY, LLC<br>801 Hoods Mill Road<br>Woodbine, Maryland 21797<br><u>Serve on:</u><br>Laura A. Barwick<br>218 Fulford Avenue<br>Bel Air, Maryland 21014<br><br>*Defendants* | CIVIL ACTION NO. _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

1. Carolyn Snider (hereinafter, "Mrs. Snider") is an adult individual domiciled in the state of Oklahoma.



Azrael Franz Schwab
Lipowitz & Solter, LLC

1

2. John Funk (hereinafter, "Mr. Funk") is an adult individual domiciled in the state of Oklahoma.

3. Mrs. Snider and Mr. Funk live together as husband and wife.

4. Ramblin' Pines, Inc. also known as Ramblin' Pines Campground (hereinafter, "Ramblin' Pines") is a Maryland corporation with its principal place of business at 801 Hoods Mill Road, Woodbine, Maryland 21797.

5. Leatherwood Family, LLC, is a Maryland limited liability company with its principal place of business at 801 Hoods Mill Road, Woodbine, Maryland 21797.

## JURISDICTION

6. Jurisdiction of this Court is based upon 28 U.S.C. § 1332(a)(1), diversity of citizenship jurisdiction, in that the Plaintiffs are domiciled in the state of Oklahoma, Defendants, Ramblin' Pines and Leatherwood Family, LLC, are corporate citizens of Maryland, and the matters in controversy exceed the sum of Seventy-Five Thousand Dollars ($75,000.00).

## VENUE

7. Venue over this action is appropriate in this matter pursuant to 28 U.S. Code § 1391(b)(2), in that the incident giving rise to Plaintiffs' claims occurred in Carroll County, Maryland.

## FACTUAL ALLEGATIONS

8. Ramblin' Pines operates a full- service campground on a large parcel of property in Carroll County located at 801 Hoods Mill Road, Woodbine, Maryland 21797 (the "Property").

9. The Property hosts RV sites, camp sites, cabins, planned recreational activities and amenities for patrons including, but not limited to, a pool, a dog park, game rooms, and laundry facility (the "facilities").



10. Leatherwood Family, LLC owns the Property by virtue of a deed dated November 10, 2016.

11. At all relevant times, Defendants maintained a parking lot and walkway adjacent to the entrance of the laundry facility on the Property.

12. At all relevant times, Defendants maintained partially buried lumber protruding from the ground and piles of loose crushed quarry spalls near the entrance door to the laundry facility.

13. On or about November 28, 2020, Plaintiffs rented a camp site on the Property with the intention of staying at the Property for thirty days.

14. During their stay at Ramblin' Pines, on December 11, 2020, at approximately 10:30 a.m., Mrs. Snider went to the laundry facility to do her laundry.

15. Mrs. Snider tripped over a loose quarry spall near the entrance to the laundry facility and fell hard to the ground (the "Incident").

16. Mrs. Snider was transported to Howard County General Hospital for emergency medical treatment.

17. Mrs. Snider sustained serious injuries as a result of the fall, including a fractured left hip and right elbow injury.

18. At all relevant times, Plaintiffs were business invitees of Defendants.

## COUNT I (NEGLIGENCE)

19. Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 18 as if fully set forth herein.

20. Defendants owed a duty to Plaintiffs to use reasonable care to see that the Property, including the laundry facility entrance, was safe for the reasonable and expected use of invitees, including Mrs. Snider.



Azrael Franz Schwab
Lipowitz & Solter, LLC

3

21. Defendants failed to take reasonable precautions to see that the entrance to the laundry facility was reasonably safe for the expected use by their invitees.

22. Defendants had actual or constructive knowledge of the loose crushed quarry spalls at the entrance to the laundry facility when they constructed and maintained the parking lot and entrance to the laundry facility.

23. Defendants knew or should have known that the loose crushed quarry spalls at the entrance to the laundry facility created an unreasonable risk to invitees, including Plaintiffs.

24. Defendants knew or should have known that invitees, including Mrs. Snider, would not, by exercising ordinary care, discover or realize the hazardous condition.

25. Defendants failed to remedy the hazardous condition and failed to warn Mrs. Snider of the hazardous condition.

26. Defendants breached their duty in the following ways:

   (a) failing to design and construct a reasonably safe entrance to the laundry facility without a dangerous condition;

   (b) failing to adequately inspect the entrance to the laundry facility to ensure it was free from hazardous conditions;

   (c) failing to warn Plaintiffs and other invites of the hazardous condition;

   (d) failing to abate the hazardous condition;

   (e) failing to exercise the degree of care required under such circumstances, and

   (f) committing other such acts and/or omissions to be shown during the discovery phase of this case, or at trial.

27. As a direct and proximate result of the negligence of Defendants, Mrs. Snider



Azrael Franz Schwab
Lipowitz & Solter, LLC

suffered serious and permanent bodily injuries, mental anguish and severe physical pain and suffering, and other damages; whereby, she was and is obliged to receive extensive hospital care and medical treatment for which expenses were and will continue to be incurred in the future; and she was and will be in the future prevented from engaging in her usual activities and was otherwise injured and damaged, including, without limitation, economic and non-economic damages.

28. All of Mrs. Snider's injuries and damages were caused by the Defendants' negligence, without any negligence of Plaintiff contributing thereto.

WHEREFORE, Plaintiff, Carolyn Snider demands judgment, jointly and severally, against Defendants, Ramblin' Pines, Inc. and Leatherwood Family, LLC, in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), plus costs and interest.

## COUNT II (LOSS OF CONSORTIUM)

29. Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff and her husband, John Funk, were married at the time of the Incident and they have continued to be married since the Incident.

31. The negligent conduct of the Defendants, as more specifically described in Count I above, caused injury to the martial relationship of the Plaintiffs, including loss of society, affection, assistance, companionship, sexual relations, and household services.

WHEREFORE, Plaintiffs, Carolyn Snider and John Funk demand judgment, jointly and severally, against Defendants, Ramblin' Pines, Inc. and Leatherwood Family, LLC, in an amount that exceeds Seventy-Five Thousand Dollars ($75,000), plus costs and interest.



Azrael Franz Schwab
Lipowitz & Solter, LLC

Respectfully submitted,

/s/  John R. Solter, Jr.
John R. Solter, Jr. (Bar No. 27483)
jsolter@azraelfranz.com
Azrael, Franz, Schwab, Lipowitz & Solter, LLC
101 E. Chesapeake Avenue, 5th Floor
Baltimore, Maryland 21286
410-821-6800
*Attorneys for Plaintiffs*

\PI Dept\PI Cases- AFSLS\Snider,Carolyn\Pleadings\Complaint..docx



Azrael Franz Schwab Lipowitz & Solter, LLC

6